1  John J. Belanger, Esq., State Bar No. 021671
   jbelanger@bremerwhyte.com
2  Adam B. Campbell, Esq., State Bar No. 010803
   acampbell@bremerwhyte.com
3  BREMER WHYTE BROWN & O'MEARA LLP
   8950 South 52nd Street, Suite 201
4  Tempe, AZ 85284
   Telephone:  (602) 274-1204
5  Facsimile:  (602) 274-1205
   Attorneys for Defendant,
6  BNSF Railway Company

7
   Justin D. Rodriguez, Esq.
8  jrodriguez@abrfirm.com
   Julia E. McFall, Esq.
9  jmcfall@abrfirm.com
   ATKINSON BAKER & RODRIGUEZ, PC
10 201 Third Street NW, Suite 1850
   Albuquerque, NM  87102
11 Personal Counsel for Defendant,
   BNSF Railway Company
12

13            **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE DISTRICT OF ARIZONA**

15

16 Matthew Thompson,                )  Case No. 3:19-cv-08258-SMB
                                    )
17          Plaintiff,              )  **DEFENDANT BNSF RAILWAY**
                                    )  **COMPANY'S ANSWER TO**
18      vs.                         )  **PLAINTIFF'S FIRST AMENDED**
                                    )  **COMPLAINT**
19 BNSF Railway Company,            )
                                    )
20                                  )
          Defendant.               )
21                                  )
   _____)

22

23       COMES NOW Defendant BNSF Railway Company ("BNSF") for itself alone, and

24 for no others, by and through its attorneys of record, Bremer, Whyte, Brown, & O'Meara,

25 LLP, hereby answers and responds to Plaintiff Matthew Thompson's First Amended

26 Complaint:

27 / / /

28 / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1433.544  4818-6364-0745.1

## PARTIES AND JURISDICTION

1.     Answering the allegations contained within Paragraph 1 of the First Amended Complaint, BNSF admits that it operates a railroad in Arizona and other states, including Mohave County, Arizona, and that its statutory agent is located at 3800 North Central Avenue, Suite 460, Phoenix, Arizona.

2.     Answering the allegations contained within Paragraph 2 of the First Amended Complaint, BNSF admits that Plaintiff Matthew Thompson was employed by Herzog Railroad Services and that Herzog Railroad Services performs various contractual services for BNSF.  BNSF denies the remaining allegations contained within Paragraph 2 of the First Amended Complaint.

3.     BNSF admits the allegations contained within Paragraph 3 of the First Amended Complaint.

## FACTS COMMON TO ALL COUNTS

4.     Answering Paragraph 4 of the First Amended Complaint, BNSF repeats and realleges its answers to Paragraphs 1 through 3, and incorporates the same by reference as though fully set forth herein.

5.     Answering the allegations contained within Paragraph 5 of the First Amended Complaint, BNSF admits that at the time relevant to this suit Plaintiff was on property owned by BNSF for the purpose of working as a RUM operator for Herzog Railroad Services which in turn contracted with BNSF.  BNSF denies the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6.     BNSF admits the allegations contained within Paragraph 6 of the First Amended Complaint.

7.     BNSF denies the allegations contained in Paragraph 7 of the First Amended Complaint as they pertain to BNSF.

8.     Paragraph 8 of the First Amended Complaint calls for legal conclusions and therefore does not require response. To the extent a response is required, BNSF denies the allegations contained in Paragraph 8 of the First Amended Complaint.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

2

1433.544  4818-6364-0745.1

1   9.      Paragraph 9 of the First Amended Complaint calls for legal conclusions and

2   therefore does not require response. To the extent a response is required, BNSF denies the

3   allegations contained in Paragraph 9 of the First Amended Complaint.

4   10.     BNSF is without sufficient information and/or knowledge to form a belief as

5   to the truthfulness of the allegations contained in Paragraph 10 of the First Amended

6   Complaint, and, therefore, denies those allegations and demands strict proof thereof.

7   11.     BNSF denies the allegations contained in Paragraph 11 of the First Amended

8   Complaint.

9                            **COUNT I – NEGLIGENCE**

10   12.    In answering Paragraph 12 of the First Amended Complaint, BNSF repeats and

11   realleges its answers to Paragraphs 1 through 11, and incorporates the same by reference as

12   though fully set forth herein.  BNSF denies the remaining allegations contained within

13   Paragraph 12 of the First Amended Complaint.

14   13.    Paragraph 13 of the First Amended Complaint calls for legal conclusions and

15   therefore does not require response. To the extent a response is required, BNSF denies the

16   allegations contained in Paragraph 13 of the First Amended Complaint.

17   14.    Answering the allegations contained within Paragraph 14 of the First Amended

18   Complaint, BNSF admits that Plaintiff claims damages in a sum exceeding Seventy-Five

19   Thousand and no/100 Dollars ($75,000.00).  BNSF denies that Plaintiff has suffered or will

20   suffer any damages as a result of any action or inaction of BNSF.  BNSF denies the remaining

21   allegations contained within Paragraph 14 of the First Amended Complaint.

22                              **COUNT II – FELA**

23   15.    In answering Paragraph 15 of the First Amended Complaint, BNSF repeats and

24   realleges its answers to Paragraphs 1 through 14, and incorporates the same by reference as

25   though fully set forth herein.

26   16.    Paragraph 16 of the First Amended Complaint calls for legal conclusions and

27   therefore does not require response. To the extent a response is required, BNSF denies the

28   allegations contained in Paragraph 16 of the First Amended Complaint.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

3

1433.544  4818-6364-0745.1

1      17.     Answering the allegations contained within Paragraph 17 of the First Amended

2  Complaint, BNSF admits that Plaintiff purports to make a claim under the Federal Employers

3  Liability Act, 45 U.S.C. § 51 et seq.  BNSF denies that Plaintiff has a cause of action under

4  the Act or that Plaintiff is entitled to relief under the Act.

5      18.     Paragraph 18 of the First Amended Complaint calls for legal conclusions and

6  therefore does not require response. To the extent a response is required, BNSF denies the

7  allegations contained in Paragraph 18 of the First Amended Complaint.

8      19.     BNSF denies the allegations contained in Paragraph 19 of the First Amended

9  Complaint.

10      20.     BNSF denies the allegations contained in Paragraph 20 of the First Amended

11  Complaint.

12      21.     Answering the allegations contained within Paragraph 21 of the First Amended

13  Complaint, BNSF admits that Plaintiff claims damages in a sum exceeding Seventy-Five

14  Thousand and no/100 Dollars ($75,000.00).  BNSF denies that Plaintiff has suffered or will

15  suffer any damages as a result of any action or inaction of BNSF.  BNSF denies the remaining

16  allegations contained within Paragraph 21 of the First Amended Complaint.

17               **GENERAL RESPONSE**

18     BNSF denies each and every allegation of the First Amended Complaint not

19  specifically admitted herein.

20               **AFFIRMATIVE DEFENSES**

21      1.     BNSF denies each and every allegation not specifically admitted herein.

22      2.     BNSF denies the breach of any duty whatsoever to Plaintiff.

23      3.     BNSF denies that it caused damages to Plaintiff.

24      4.     BNSF affirmatively alleges that Plaintiff's First Amended Complaint and each

25  and every portion thereof fails to set forth facts sufficient to constitute any viable cause of

26  action as against BNSF.

27      5.     BNSF affirmatively alleges Plaintiff failed to state claims for which relief can

28  be granted.

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

1433.544  4818-6364-0745.1

1   　　　6.　　BNSF affirmatively alleges the claims asserted in the First Amended

2   Complaint are barred by the applicable statute of limitations and/or *laches*.

3   　　　7.　　BNSF affirmatively alleges that Plaintiff failed to make reasonable effort to

4   mitigate the damages, if any, in whole or in part.

5   　　　8.　　BNSF affirmatively alleges that at or about the time of place referenced in

6   Plaintiff's First Amended Complaint, if Plaintiff suffered any injury or damages, any such

7   injury or damage was proximately and legally caused and contributed to the negligence and

8   fault of Plaintiff, and that said negligence and fault of Plaintiff reduces, pro rata, any recovery

9   otherwise available to Plaintiff.

10   　　　9.　　BNSF affirmatively alleges and without admitting Plaintiff has suffered, or will

11   suffer, any damages or injuries as a result of conduct alleged in Plaintiff's First Amended

12   Complaint, that any damages or injuries which were or will be sustained by Plaintiff was

13   caused in whole or in part by the negligence and/or tortious acts, omissions and/or conduct

14   of persons, parties or entities other than BNSF.  Any damages recoverable by Plaintiff must

15   be diminished in proportion to the amount of fault attributed to said other persons, parties, or

16   entities.

17   　　　10.　　BNSF affirmatively alleges that Plaintiff's First Amended Complaint and

18   causes of action against BNSF fail to state any claim for which it is entitled to attorneys' fees.

19   　　　11.　　BNSF affirmatively alleges that Plaintiff's First Amended Complaint and

20   causes of action against BNSF fail to set forth acts sufficient to give rise to exemplary or

21   punitive damages.

22   　　　12.　　BNSF incorporates any and all affirmative defenses of any and all parties

23   hereto.

24   　　　13.　　The injuries that Plaintiff complains of are the result of Plaintiff's preexisting

25   health condition or causes unrelated to the alleged accident, for which BNSF cannot be held

26   legally responsible.

27   　　　14.　　Plaintiff's allegations of BNSF's working conditions involve areas of railroad

28   operation companies' (BNSF's) business that were thoroughly and pervasively regulated by

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

5

1433.544  4818-6364-0745.1

the federal government. BNSF's compliance with that pervasive regulation (and the existence of the regulations themselves) establishes that BNSF cannot be deemed negligent and any negligence claims or theories against BNSF are pre-empted.

15. Plaintiff's damage, if any, must be reduced by the appropriate offsets. Pursuant to 45 U.S.C. § 51, et seq., and as otherwise permitted by law or contract, BNSF is entitled to offset or deduct any amounts paid, or amounts that will be paid to Plaintiff, either through Railroad Retirement Board payments or advances, or BNSF's payments or advances.

16. Plaintiff has failed to mitigate his alleged damages if the Plaintiff has been injured as alleged (which is specifically denied), and pleading in the alternative to the extent necessary, his alleged damages are limited to those recoverable under the Federal Employers' Liability Act if such act applies (which is expressly denied).

17. This action is not governed by the Federal Employers' Liability Act.

18. Any damages awarded to the Plaintiff in this matter shall be diminished by the jury in proportion to the amount of contributory negligence attributable to Plaintiff pursuant to 45 USC 53.

19. Plaintiff was not the employee of BNSF, nor the employee of a common carrier engaged in interstate commerce, and therefore cannot state a cause of action under 45 USC 51.

20. BNSF does not presently have specific facts in support of the remaining defenses, it wishes to put Plaintiffs on notice that it hereby raises the following defenses which through subsequent discovery may indeed be supported by facts: accord and satisfaction, arbitration and award, assumption of risk, estoppel, economic loss doctrine, failure to mitigate damages, failure to minimize damages, laches, lack of jurisdiction, payment, release, *res judicata*, collateral estoppel, settlement and release, and waiver.

21. BNSF reserves the right to plead further affirmative defenses including but not limited to those affirmative defenses set forth in Rules 8(c) and 12(b), Federal Rules of Civil Procedure, as may be justified by the facts determined during discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, BNSF

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ 85284
(602) 274-1204

6

1433.544  4818-6364-0745.1

1   respectfully requests this Court enter judgment in its favor and against Plaintiff as follows:

2       A.      That Plaintiff's First Amended Complaint be dismissed with prejudice and that

3   Plaintiff takes nothing thereby;

4       B.      BNSF be awarded its costs and reasonable attorneys' fees incurred herein; and

5       C.      For such other and further relief as this Court deems just and proper under the

6   circumstances.

7                          **DEMAND FOR JURY TRIAL**

8       BNSF, by and through counsel undersigned, BREMER WHYTE BROWN &

9   O'MEARA, LLP, hereby demands a trial by jury in this matter.

10

11  Dated:  October 15, 2019           BREMER WHYTE BROWN & O'MEARA LLP

12

13                                     By:  */s/ Adam B. Campbell*
                                            John J. Belanger, Esq.
14                                          Adam B. Campbell, Esq.
                                            Attorneys for Defendant
15                                          BNSF Railway Company

16

17                                     ATKINSON BAKER & RODRIGUEZ, PC

18

19                                     By:  */s/ Justin D. Rodriguez (w/permission)*
                                            Justin D. Rodriguez, Esq.
20                                          Julia E. McFall, Esq.
                                            Atkinson Baker & Rodriguez, PC
21                                          201 Third Street NW, Suite 1850
                                            Albuquerque, NM  87102
22                                          Personal Counsel for Defendant
                                            BNSF Railway Company

23

24  / / / / /

25  / / / /

26  / / /

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

7

1433.544  4818-6364-0745.1

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on October 15, 2019, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal and

4

emailed a copy of same to:

5

6

lrabb@firstinjurylaw.com
mraabb@firstinjurylaw.com

7

Paralegal2@firstinjurylaw.com
Lloyd L. Rabb, III, Esq.

8

Matthew L. Rabb, Esq.
Rabb & Rabb, PLLC

9

7442 N. La Cholla Boulevard

10

Tucson, AZ  85741-2306
*Attorneys for Plaintiff, Matthew Thompson*

11

12

dlb@bluntlaw.com
David L. Blunt, Esq.

13

Blunt Slocomb, Ltd.
P.O. Box 373

14

Edwardsville, IL  62025

15

*Attorneys for Plaintiff, Matthew Thompson*

16

jrodriguez@abrfirm.com

17

jmcfall@abrfirm.com
Justin D. Rodriguez, Esq.

18

Julia E. McFall, Esq.
Atkinson Baker & Rodriguez, PC

19

201 Third Street NW, Suite 1850

20

Albuquerque, NM  87102
*Personal Counsel for BNSF Railway Company*

21

22

By: */s/ D. Udvarnoky*

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
8950 SOUTH 52ND STREET
SUITE 201
TEMPE, AZ  85284
(602) 274-1204

8

1433.544  4818-6364-0745.1